IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH KRIST, III | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-129 |
| UNITED STATES OF AMERICA, ET AL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Joseph Krist, III, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this lawsuit pursuant to the Federal Tort Claims Act ( the "FTCA") and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States of America and League Medical Concepts ("LMC").[1] This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In his Complaint (doc. #1), Plaintiff states that on July 12, 2018, while he was incarcerated at the United States Penitentiary at Beaumont, Texas, he fell down while running on the track side yard. This resulted in a fractured wrist. Plaintiff alleges that doctors at the unit were supposed to schedule an appointment approximately four weeks later so that his cast could be removed. He states this was not done and that his cast remained on for over 11 weeks. Plaintiff asserts the delay in removing his cast caused his left wrist to heal improperly. He states he was left with little to almost

---

[1] League Medical Concepts is an independent contractor which provides medical care to inmates at the Federal Correctional Complex in Beaumont, Texas. *Semien v. United States*, 838 F. App'x 88, 89 (5th Cir. 2021).

no use of his hand and nerve damage. Plaintiff was subsequently given an injection which allowed him to move his fingers.

## Standard of Review

A lawsuit filed by a prisoner shall be dismissed pursuant to 28 U.S.C. § 1915A if it is frivolous, malicious or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

"It is elementary that [t]he United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993) (internal quotations and citations omitted). The FTCA constitutes a limited waiver of sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 813 (1976). Courts must strictly construe all waivers of the government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. *See United States v. Nordic Village, Inc*, 503 U.S. 30, 33 (1992).

In order to bring a claim against the United States under the FTCA, a claimant must file an administrative claim with the appropriate federal agency within two years of the accrual of the claim, and then file a tort claim lawsuit within six months after the denial of the claim by the administrative agency. 28 U.S.C. § 2401(b); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). Although the statute is phrased in the disjunctive, it requires the claimant to meet both filing deadlines. *Id.*[2]

Plaintiff filed an administrative claim with the appropriate federal agency, the Bureau of Prisons, within two years of when his claim accrued. The Bureau denied his claim in a letter dated August 21, 2019 (doc. #1, p. 9). Plaintiff's complaint is dated March 20, 2020 (doc. #1, p. 5). This lawsuit was therefore filed more than six months after the denial of Plaintiff's administrative tort claim.

---

[2] Title 28 U.S.C. § 2401(b) states: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim . . . ."

As the lawsuit was not filed within the applicable period of limitations, the court lacks subject-matter jurisdiction over Plaintiff's FTCA claim against the United States. This claim should therefore be dismissed.

*Claim Against LMC*

Only the United States may be named as a defendant in a lawsuit filed under the FTCA. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). As a result, Plaintiff's claim against LMC arises, if at all, under *Bivens, supra*.

As set forth above, LMC is a private independent contractor which provides medical services at prison units. Private corporations and their employees cannot be held liable under *Bivens*. *Minneci v. Pollard*, 565 U.S. 118, 130-31 (2012); *Eltayib v. Cornell Cos., Inc.*, 533 F. App'x 414, 415 (5th Cir. 2013). No private right of action for damages exists against private entities that engaged in allegedly unconstitutional deprivations while acting under color of federal law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-70 (2001) (declining to extend *Bivens* to a corporate defendant, stating that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations"). As a result, Plaintiff has failed to state a claim upon which relief may be granted against LMC.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 6th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE